IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACKIE DORAIL HOWARD                                                            PLAINTIFF

v.                              Civil No. 4:18-cv-4131

LISA GOODWIN, Manager, Whataburger;
CHARLES BLACK, District Attorney,
Miller County, Arkansas; DETECTIVE
BRIAN TRIBBLE, Texarkana Arkansas
Police Department; and SERGEANT
ZACHERY WHITE, Texarkana Arkansas
Police Department                                           DEFENDANTS

## ORDER

Before the Court is Defendant Charles Black's Motion to Dismiss. (ECF No. 18). Plaintiff has filed a response. (ECF No. 21). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff is currently an inmate in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. On September 12, 2018, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). His application to proceed *in forma pauperis* was granted the same day. (ECF No. 3). In addition to Black, Plaintiff names Lisa Goodwin, Brian Tribble, and Zachery White as Defendants in this lawsuit.

Defendant Black is employed by the State of Arkansas as a prosecuting attorney in Miller County, Arkansas. Plaintiff alleges that his constitutional rights were violated when he was "accused…of stealing out of a business …I didn't do it." Plaintiff states as a result, he was arrested and incarcerated based on charges that were eventually *nolle prossed*. (ECF No. 1, pp. 4-7). In addition, Plaintiff states that he was forced to accept three years of probation for a crime he did

1

not commit, was threatened by the District Attorney with the Habitual Offender's Act, was retaliated against by the District Attorney's Office, and mistakenly had his parole revoked. (ECF No. 1, pp. 15-18).

Plaintiff attached the Criminal Information sheet from his criminal case signed by Defendant Black for the theft of property charge and the supporting Affidavit of Defendant Brian Tribble, dated June 7, 2018, to his Complaint.[1] Plaintiff is suing Defendant Black in his individual and official capacities. He is seeking compensatory and punitive damages and states that he would like Defendant Black to "[d]o [a]way" with his probation, fines, and assessments in Miller County. (ECF No. 1, p. 14).

Defendant Black argues in the instant Motion to Dismiss that Plaintiff failed to state any claim against him because, as a prosecuting attorney, he is entitled to both sovereign and absolute immunity. In addition, he states that Plaintiff's allegations are barred as a matter of law by *Heck v. Humphrey*, 512 U.S. 477 (1994) and that the Court should not exercise supplemental jurisdiction of the state law claim of false imprisonment. (ECF No. 18). Plaintiff filed a Response stating that "the Fraud[u]lent Accusations of Lisa Goodwin in The Police Report generated by Detectives Brian Tribble and Sergeant Zachary White Insinuated felonious Activities Perpetrated by Another Indivi[d]ual that Legally and Publicly Impugh [sic] my char[c]ater, and stole my freedom." (ECF No. 21). Plaintiff does not mention Defendant Black in his Response.

---

[1] In deciding Rule 12(b) motions, courts are not strictly limited to the four corners of complaints. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts can also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public records, orders, items appearing in the records of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3 928, 931, n.3 (8th Cir. 2012).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. S*ee Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Plaintiff alleges that Defendant Black violated his civil rights when Defendant Black charged him with a crime he did not commit and then, after the charges were dropped, retaliated against him by revoking his probation.

### A. Immunity

As previously stated, Defendant Black is employed by the State of Arkansas as a prosecuting attorney in Miller County, Arkansas. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled

3

to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

In addition, "A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus Ex Rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). As such, a state official sued in his official capacity is protected by the sovereign immunity of the Eleventh Amendment from all claims except equitable relief. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). Based on the allegations in his Complaint, all actions underlying Plaintiff's claims occurred during a state criminal proceeding. Therefore, Defendant Black is entitled to absolute immunity in this case.

As for Plaintiff's request for equitable relief against Defendant Black, such relief is not cognizable in this case. While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff does not allege such facts in this case. In addition, a state prosecutor does not have the authority or discretion to eliminate probation, fines, and assessments; rather, that authority rests with the judiciary. *See* Ark. Code Ann. § 16-93-301, *et. seq.* Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.* at 542 & n. 22; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). As discussed below, Plaintiff has adequate remedies available to him through the state courts.

### B. State Law Claims

Plaintiff asserts a claim for false imprisonment against Defendant Black. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). The Eighth Circuit

4

has held that "false imprisonment is a state law tort claim." *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) (quoting *Baker*, 443 U.S. at 145) (internal quotation marks omitted); *see also Trammell v. Wright*, 2016 Ark. 147, 489 S.W.3d 636 (2016) (recognizing false imprisonment as a state law tort). Thus, the Court declines to exercise supplemental jurisdiction of the state law claim against Defendant Black because Plaintiff's federal claims are barred by immunity. Accordingly, Plaintiff's state claims regarding false imprisonment against Defendant Black will be dismissed without prejudice to his right to pursue these claims in state court pursuant to state common-law principles of false imprisonment.

## IV. CONCLUSION

For the reasons stated above, Defendant Black's Motion to Dismiss (ECF No. 18) should be and hereby is **GRANTED.** Plaintiff's § 1983 claims against Defendant Black are **DISMISSED WITH PREJUDICE.**[2] Plaintiff's state law claim for false imprisonment against Defendant Black is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 17th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Because Defendant Black is entitled to immunity, the Court has not addressed his argument for dismissal based on *Heck v. Humphrey.*