IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACKIE DORAIL HOWARD                                                                PLAINTIFF

v.                                      Civil No. 4:18-cv-4131

LISA GOODWIN, Manager, Whataburger;
CHARLES BLACK, District Attorney,
Miller County, Arkansas; DETECTIVE
BRIAN TRIBBLE, Texarkana Arkansas
Police Department; and SERGEANT
ZACHERY WHITE, Texarkana Arkansas
Police Department                                                                     DEFENDANTS

## ORDER

Before the Court is Defendant Lisa Goodwin's Motion to Dismiss. (ECF No. 10). Plaintiff has filed a response. (ECF No. 21). The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff is currently an inmate in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. On September 12, 2018, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). His application to proceed *in forma pauperis* was granted the same day. (ECF No. 3). In addition to Goodwin, Plaintiff names Charles Black, Brian Tribble, and Zachery White as Defendants in this lawsuit.

Plaintiff alleges that Defendant Goodwin is the manager at the Whataburger restaurant in Texarkana. He claims she violated his constitutional rights when she "accused me of stealing out of a business . . . I didn't do it." Plaintiff states that because of Defendant's actions, he was arrested and incarcerated based on charges that were eventually *nolle prossed*. (ECF No. 1, pp. 4-7).

1

Attached to Plaintiff's Complaint is the Affidavit of Defendant Brian Tribble, dated June 7, 2018.[1] Defendant Tribble is a Texarkana police officer. The Affidavit states in part:

> That on Tuesday, 5th day of June 2018, the Texarkana Arkansas Police Department, received a call at Whataburger, located at 4110 North State Line Avenue, of a theft already occurred.
>
> That Officer Cobin Brown and Officer Landon Loe, made contact with the complainant, Lisa Goodwin. Goodwin advised that an unknown black male and an unknown white female entered the building and split up. She states the white female entered the restroom where she stayed for approximately 10, minutes, meanwhile, the black male went to the counter and asked an employee for a water cup. Goodwin advised the employee asked her to keep an eye on the suspect as he thought the male was attempting to steal a fountain drink because of his suspicious behavior. Goodwin stated she watched the suspect while trying to count the money in the manager's office and watched him go to the fountain get a beverage. The employee then made the suspect pay for the drink, due to it not being water. Goodwin said after that she turned her head for a few seconds to enter numbers on the computer. She said when she turned back to look at the suspect, he was gone.
>
> . . .
>
> That Goodwin advised a short time later, the white female exited the bathroom and also approached the counter to ask for a water cup. Goodwin stated at this time, she observed the laptop missing from the table and asked the employees where it was. She was able to pull up security footage that showed the male suspect walking over towards the booth table that the laptop was sitting on and place his drink on the table next to it. He then walks over to the outlet and unplugs the laptop charger, collects the laptop and charger, and exits the store using the West side entrance and walking in an unknown direction.
>
> . . .

---

[1] In deciding Rule 12(b) motions, courts are not strictly limited to the four corners of complaints. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts can also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public records, orders, items appearing in the records of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3 928, 931, n.3 (8th Cir. 2012).

> I made contact with the complainant, Lisa Goodwin[, on the same date]. I explained to her that we attempted to get a photo of the suspects today from the store and were not able to. She advised she could email me a photo of the suspects. A short time later I received a photo of suspects.

(ECF No. 1, pp. 21-34). Defendant Goodwin later identified Plaintiff as the individual she saw in the video taking the laptop from her place of employment from a separate photograph shown to her by Defendant Tribble. Plaintiff was then charged and arrested for theft of property.

In the instant Motion to Dismiss, Defendant Goodwin argues that Plaintiff failed to state any claim that entitles him to relief because she was not acting under color of law when she provided information to the Texarkana police concerning the theft of the laptop from Whataburger. (ECF No. 10). Plaintiff filed a Response stating "the Fraud[u]lent Accusations of Lisa Goodwin in The Police Report generated by Detectives Brian Tribble and Sergeant Zachary White Insinuated felonious Activities Perpetrated by Another Indivi[d]ual that Legally and Publicly Impugh [sic] my chara[c]ter, and stole my freedom." (ECF No. 21). Plaintiff is seeking compensatory and punitive damages and "would like for The Manger Lisa Goodwin To be disaplien [sic] for Lies she Told an her Actions . . . ." (ECF No. 1, p. 14).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While

the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. S*ee Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Plaintiff alleges Defendant Goodwin violated his civil rights when she provided information to the Texarkana police which implicated him in a theft of property from Defendant Goodwin's place of employment.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams,* 474 U.S. 327, (1986); *Davidson v. Cannon,* 474 U.S. 344 (1986).

To determine the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because

4

his conduct is otherwise chargeable to the State." *Id.; see also Roudybush v. Zabel,* 813 F.2d 173, 176-77 (8th Cir. 1987).

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against Defendant Goodwin. Plaintiff has not alleged any facts showing Defendant Goodwin was acting under color of state law when she contacted the police and provided information to them. Instead, Plaintiff's Complaint indicates that Defendant Goodwin was acting in her capacity as a private citizen who was an employee of the Whataburger restaurant. Accordingly, the Court finds that Defendant Goodwin is not a state actor. For this reason, the Court finds that Plaintiff has failed to plead an actionable § 1983 claim against Defendant Goodwin.

Even if the Court assumes, for purposes of this motion, that Defendant Goodwin was somehow acting under color of state law, Plaintiff has failed to allege sufficient facts for the Court to draw any reasonable inference that Defendant Goodwin engaged in any unlawful activity for which it should be held responsible under 42 U.S.C. § 1983. Plaintiff uses the phrase "fraudulent accusations" which "Publicly Impugh[sic] my chara[c]ter, and stole my freedom." (ECF No. 1). Giving Plaintiff's words the most liberal interpretation, at most the allegations could possibly be construed as claims for slander or defamation. "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) (citations omitted). *See also Waller v. Rice,* 1:15-cv-01010, 2015 WL 2227799, *2 (W.D. Ark. May 12, 2015) ("Slander is not a cognizable claim under section 1983.")

### IV. CONCLUSION

In the present case, Plaintiff has failed to state facts to support any claim against Defendant

5

Goodwin under 42 U.S.C. § 1983.  Accordingly, the Court finds that Defendant Goodwin's Motion to Dismiss (ECF No. 10) should be and hereby is **GRANTED**.  Plaintiff's claims against Defendant Goodwin are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED,** this 17th day of December, 2018.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
United States District Judge