IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACKIE DORAIL HOWARD                                                                    PLAINTIFF

v.                                              Civil No. 4:18-cv-4131

DETECTIVE BRIAN TRIBBLE,
Texarkana Arkansas Police Department;
and SERGEANT ZACHERY WHITE,
Texarkana Arkansas Police Department                                            DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro se* by Plaintiff, Jackie Dorail Howard, under 42 U.S.C. § 1983.  Currently before the Court is a Motion for Summary Judgment filed by Defendants Brian Tribble and Zachery White.  (ECF No. 26).  Plaintiff has filed Response (ECF No. 32) and a Statement of Facts in support of the Response. (ECF No. 33).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. FACTUAL BACKROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") – Ouachita River Unit – in Malvern, Arkansas.  Plaintiff's claims in this lawsuit arise from what he claims was an unlawful arrest on June 5, 2018, and subsequent false imprisonment based on charges which were later *nolle prossed*.  (ECF No. 1).  At the time of the events in question, Defendant Brian Tribble was a detective with the Texarkana Arkansas Police Department ("TAPD") and Defendant Zachary White was a sergeant with the department.

On June 5, 2018, Lisa Goodwin, manager of the fast food restaurant Whataburger notified the TAPD that a theft had occurred in her store. (ECF No. 28-1, p. 3). When Officer Cobin Brown and Officer Landon[1] made contact with Ms. Goodwin, she informed them that an unknown black male and a female accomplice entered the store and the black male was shown on CCTV footage unplugging a laptop charger from a booth table, collecting the laptop and charger, and leaving the store. *Id.* Although Ms. Goodwin was unable to release the CCTV footage at that time, she forwarded a still photo of the footage to Defendant Tribble via email. *Id.*

Later that same day, Defendants Tribble and White were called to the restaurant after being notified the female suspect was at the store claiming she was not involved in the theft. (ECF No. 28-1, p. 3). The female suspect was gone by the time Defendants Tribble and White arrived at the restaurant. However, Defendants stopped at the Scottish Inn and Suites, a motel close to the Whataburger restaurant, to see if their CCTV cameras had caught any footage of the suspects. *Id.* When Defendants showed the front desk clerk the photos of the suspects sent to them by Ms. Goodwin, he identified the female as Christie Littles, who had spent the night at the hotel with a black male. *Id.*

The clerk then showed a photo to Defendants Tribble and White of Ms. Littles and the black male who had stayed at the motel the evening of June 5, 2018. (ECF No. 28-2, p. 10). At that time Defendant White identified the black male as the Plaintiff from past dealings with him. Defendant Tribble then sent the photos of the suspects from the motel to Ms. Goodwin and she advised they were the same people who were in her store that took the laptop. *Id.* The criminal case was then continued pending the issuance of arrest warrants. *Id.*

---

[1] Neither of these individuals are Defendants in this lawsuit.

2

On June 7, 2018, an affidavit was prepared by Defendant Tribble to obtain a warrant for the arrest of Plaintiff and Ms. Littles. (ECF No. 28-1). That same day the affidavit was reviewed by the Prosecuting Attorney's office and authorized prior to being signed by Miller County Circuit Court Judge Kurt Johnson. *Id.*

Although Ms. Little and Plaintiff denied Plaintiff was involved with the theft, Plaintiff was arrested on June 17, 2018, and detained at the Miller County Jail. (ECF NO. 28-2, pp. 2-4). Plaintiff's First Appearance in court was held on July 21, 2018. (ECF No. 28, p. 2).

The theft charges against Plaintiff were later *nolle prossed* by the prosecuting attorney on August 21, 2018. (ECF No. 28, p. 2). Defendants state Plaintiff's probation was revoked in a prior case when the Circuit Court found Plaintiff had violated state law; failed to abstain from the use or sale of drugs and alcohol; failed to report to his supervising officer; failed to notify his supervising officer of a change of address; and failed to pay fines and fees as ordered.[2] *Id.* Plaintiff appears to dispute this in his Complaint when he states his probation was violated as a result of his unlawful arrest, presumably resulting in what he claims was false imprisonment. (ECF No. 1, pp. 10-13).

Finally, Defendants state there is no policy or custom in the City of Texarkana of arresting or detaining suspects in violation of their constitutional rights. (ECF No. 28, p. 2).

Plaintiff filed his Complaint on September 12, 2018.[3] In Claim One Plaintiff states on June 17, 2018, "false Imprisonment stolen laptop out of Whataburger, charge was dropped but violated my probation". (ECF No. 1, p. 10). Plaintiff alleges he "never enter or went to a Whataburger

---

[2] Defendants refer the Court to another of Plaintiff's criminal cases – Case No. 46 CR-17-229 – where his probation was revoked. However, Defendants have not provided the Court with any documents from this case for reference.
[3] Plaintiff initially named Lisa Goodwin and Charles E. Black as Defendants. The claims against these individuals were dismissed on December 17, 2018. (ECF Nos. 22, 23).

3

period." *Id.* For his official capacity claim he states, "14 Amendment was violated accusing me of stealing out of a business in I didn't do it. 'Equal Protection'". *Id.* at p. 11.

For Claims Two, Three, and Four Plaintiff again describes them as "false Imprisonment stolen laptop out of Whataburger, charge was dropped but, violated my probation." (ECF No. 1, pp. 12-13). Plaintiff also describes his official capacity claims for Claims Two, Three and Four as "the 14 amendment was violated accusing me of stealing out of a business in I didn't do it. "Equal Protection…" (ECF No. 1, p. 14).

On August 1, 2019, Defendants Tribble and White filed a Motion for Summary Judgment. (ECF No. 26). They argue they are entitled to summary judgment because: 1) there was no illegal seizure because Plaintiff was arrested pursuant to a facially valid warrant of arrest supported by probable cause; 2) Plaintiff has not suffered a due process violation; 3) Defendants are entitled to the protections of qualified immunity; and 4) there is no basis for official capacity liability. (ECF Nos. 26, 27).

Plaintiff states in his verified Response: 1) Defendant White told him during his interview he "knew for a fact that it wasn't me that they wanted in jail (mean Whataburger)"; 2) Defendant Tribble "could of remedy the situation from the start by letting me out, but instead he force the hands of the Prosecutor Attorney office to make the decision"; 3) Defendants should have "looked at the audio & video tape from (Whataburger) Instead of putting it in the confiscation room on a later date"; and 4) "I was falsely accuse of a crime an arrested for a theft charged". (ECF No. 32).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

**A. Arrest**

Plaintiff alleges Defendants Tribble and White violated his constitutional rights when they unlawfully arrested him on charges that were later *nolle prossed.* The Fourth Amendment prohibits citizens from being arrested without probable cause. *Kuehl v. Burtis*, 173 F.3d 646, 649 (8th Cir. 1999). Whether police have probable cause at the time of an arrest is a question of law for a court to decide. *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010). "[T]he probability, and not prima facie showing, of criminal activity is the standard of probable cause." *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000).

"Probable cause to arrest exists when, at the moment the arrest was made … the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1264 (8th Cir. 1996). Moreover, police officers are entitled to "substantial latitude in interpreting and drawing inferences from factual circumstances." *United States v. Washington*, 109 F.3d 459, 465 (8th Cir. 1997).

In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers - all of whom may be potential defendants in a § 1983 action - is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker*, 443 U.S. at 145-46.

Here, an eyewitness – Ms. Goodwin – identified Plaintiff from a photo shown to her as one of the individuals who was in the restaurant where she worked who stole a laptop computer on

6

June 5, 2018.  This alone is enough to establish probable cause for the arrest of the Plaintiff.  In addition, a Probable Cause Affidavit for Plaintiff's arrest for theft was issued on June 6, 2018 and approved and signed by a Miller County Circuit Judge.  Plaintiff was then arrested on June 18, 2018.  The fact the theft charge was eventually *nolle prossed* has no bearing on whether Defendants Tribble or White had probable cause to arrest Plaintiff.  *See Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993) (Whether or not the person arrested is found innocent is not material to the analysis.) Accordingly, Plaintiff's claim he was unlawfully arrested fails as a matter of law.

### B. Official Capacity Claims

Plaintiff also sues Defendants in their official capacities.  Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).  With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  In other words, Plaintiff's official capacity claims against Defendants are treated as claims against the City of Texarkana, Arkansas.  *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor."  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish liability on the part of the City of Texarkana under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).  To establish the existence of an unconstitutional policy, the plaintiff must point to "a deliberate choice of a guiding principle or

7

procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

In *Johnson v. Douglas Cty. Med. Dep't.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate: 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id.* at 838 (citations omitted).

Here, Plaintiff has not identified any policy or custom of the City of Texarkana which contributed in any way to the alleged violation of Plaintiff's rights. Accordingly, Plaintiff's official capacity claims against Defendants fail as a matter of law.[4]

### C. State Law Claim - False Imprisonment

Plaintiff claims he was falsely imprisoned after he was arrested and imprisoned on charges which were later *nolle prossed*. False imprisonment is a tort under Arkansas state law. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93 (1999). Because this claim does not arise under the United States Constitution or a federal statute, § 1983 provides no remedy. *See Collier v. City of Springdale*, 733 F.2d. 1311, 1313 (8th Cir. 1984) (deprivation of a right secured by the constitution or laws of the United States is an essential element of § 1983 action).

When, as in this case, all Plaintiff's federal claims have been dismissed, a federal district court may decline to exercise jurisdiction over any remaining state-law claims. 28 U.S.C. §

---

[4] Because the Court finds there has been no violation of Plaintiff's constitutional rights it is unnecessary to address the issue of whether Defendants are entitled to qualified immunity.

1367(c)(3). Therefore, I recommend the Court decline to exercise jurisdiction over Plaintiff's false imprisonment claims.

## IV.  CONCLUSION

For the reasons stated above, I recommend Defendants' Motion for Summary Judgment (ECF No. 26) be **GRANTED.**  I recommend Plaintiff's individual and official capacity claims for unlawful arrest against Defendants Brian Tribble and Zachary White be **DISMISSED WITH PREJUDICE**.  I recommend Plaintiff's individual and official capacity claims for false imprisonment be **DISMISSED WITHOUT PREJUDICE** so Plaintiff may pursue these claims in state court.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **4th day of November 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

9